

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00210-CR

DONALD GARY ECKLAND                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Donald Gary Eckland of driving while intoxicated (DWI), and the trial court sentenced him to 180 days' confinement in Tarrant County Jail. In his sole point, Appellant contends that the trial court's admission of the 911 audiotape recording violated his right to confrontation under the Sixth Amendment to the United States Constitution. Because we hold that the trial

---

[1]See Tex. R. App. P. 47.4.

court did not violate Appellant's right to confrontation by admitting the 911 audiotape recording, we affirm the trial court's judgment.

An off-duty Irving police officer observed someone driving in an erratic manner and believed that the driver was impaired. The off-duty officer called 911, continued to follow the driver, described the driver's behavior, and stayed on the line with the dispatcher for several minutes until a local officer arrived. The driver, Appellant, was arrested for DWI. The off-duty police officer testified at trial; the dispatcher did not.

Appellant bases his global challenge not on the statements made by the off-duty police officer who made the 911 call and described Appellant's driving behavior but on unspecified statements made by the police dispatcher on the 911 recording.

We review a trial court's decision to admit evidence for an abuse of discretion.[2] The Confrontation Clause of the Sixth Amendment to the Constitution of the United States provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."[3] A testimonial hearsay statement must not be admitted in evidence against a defendant unless the declarant is unavailable or the defendant had a prior

---

[2]*Ramos v. State,* 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008).

[3]U.S. Const. amend. VI.

opportunity to cross-examine the declarant.[4]  To determine whether a statement is testimonial, we mainly examine the objective purpose of the interview or interrogation, not the declarant's expectations.[5]  Usually, a statement is "testimonial" if its context objectively shows that the main purpose of the dialogue from which the statement was taken was to obtain evidence about a past event potentially relevant to a future criminal prosecution.[6]

We have listened to the 911 audiotape.  Nothing indicates that the police dispatcher's questions or comments had a primary purpose of establishing or proving past events potentially relevant to Appellant's prosecution.[7]  Instead, the 911 audiotape reveals that the dispatcher was trying to get police to the location where Appellant was allegedly driving dangerously and the off-duty Irving police officer was following him.  We therefore hold that under these facts, the dispatcher made no testimonial statements.[8]  Consequently, the trial court did not

---

[4]*Crawford v. Washington,* 541 U.S. 36, 59, 124 S. Ct. 1354, 1369 (2004).

[5]*Davis v. Washington,* 547 U.S. 813, 822–23, 126 S. Ct. 2266, 2273–74 (2006).

[6]*Id.*

[7]*See id.*

[8]*See id.*

abuse its discretion by admitting the 911 audiotape recording over Appellant's Confrontation Clause objection.[9]

We overrule Appellant's sole point and affirm the trial court's judgment.


LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 1, 2011

---

[9]*See Sutton v. State*, No. 05-10-00827-CR, 2011 WL 3528259, at *1–2 (Tex. App.—Dallas Aug. 12, 2011, no pet.) (not designated for publication) (holding same based on similar facts).